SMITH GRANITE CO. *et al. vs.* JOSEPH NEWALL & CO. *et al.*

WASHINGTON—DECEMBER 5, 1900.

PRESENT : Stiness, C. J., Tillinghast and Dubois, JJ.

(1) *Equity. Rescission of Agreement. Vendor's Lien. Pledges.*

Decision in *Smith Granite Co.* v. *Newall & Co.*, 22 R. I. 220, affirmed.

PETITION for a re-argument by respondents of the cause decided in 22 R. I. 220. Heard, and petition denied. For full statement of facts see preceding opinion.

STINESS, C. J.    The respondents' motion for a re-argument is denied. The extent and validity of the so-called pledge of the bonds was fully argued and considered at the hearing. The cases now relied on arise from materially different facts, and cannot affect the decision already given. That decision rested upon these facts. The bonds in question were placed in the hands of Kilvert as selling agent, to be disposed of *at par*. Subsequently a vote of the company was passed that the bonds be pledged in his hands as security for $90,000 due to the respondents for the purchase of their land by the complainant company, the selling agent to pay to said respondents the first $90,000 realized from the sale of the bonds. This is a pledge of a portion of the proceeds, rather than a pledge of the bonds. But, however that may be, the limitation of sale at par remained. Nobody understood, or had the right to understand, that any of the bonds were pledged in any other way than to entitle the respondents to the first receipts of proceeds up to the amount of their claim. This arrangement has proved to be impossible. The bonds

have not been issued to any holder. They simply remain in the hands of the company's own agent. Nobody has bought one. Nobody has paid anything for one. The so-called pledge was subsequent to the original contract and without consideration. Hence the mortgage to secure them is simply a cloud upon the title to the property, whose only effect could be to prevent the company from taking any steps to raise money on its property to pay its debts in some other way. It was simply a scheme of payment which has failed, and, consequently, the decision was that the mortgage should be cancelled. If there was a pledge at all, it was simply a pledge *sub modo*. In this respect the case differs radically from those upon which the motion to re-argue is based. For example, in *Baxter* v. *Washburn*, 8 Lea. 76 Tenn. 1, there was a complete pledge of bonds, with the direction to the trustee " to use said bonds as best it can and at its discretion."

In *Peterborough* v. *Nashua R. R.*, 59 N. H. 385, the company had borrowed money, given its note therefor, and transferred stock as collateral. The agreement contained this clause : " With the right of said party of the first part to sell and transfer the whole or any portion of said shares at not less than their par value at any time prior to said January 1, 1875, and apply the proceeds of such sale to the payment of said loan ; and in case said loan shall not have been fully paid on said first day of January, 1875, then to sell and transfer said shares without condition and apply the proceeds thereof to the payment of said loan." The court simply held that a statute forbidding a corporation to sell its own stock at less than par, except for non-payment of assessments, did not apply to a pledgee who held stock as collateral, even though it came to him from the company.

It is needless to review the cases cited in detail. It is enough to say that they are cases of a completed pledge without conditions as to sale. They have no application to the facts of this case, and hence a re-argument would be useless.

*W. B. Vincent*, for complainants.

*Miller & Carroll, and A. B. Crafts*, for respondents.